

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-8-04
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULIO ANZURES, GUADALUPE MENDOSA, DAVID JIMENEZ, and REGULO ESTEVEZ,

            Plaintiffs,

-against-

PARK AVENUE CAFÉ, THE SMITH & WOLLENSKY RESTAURANT GROUP, INC., C T CORPORATION SYSTEM, SMITH & WOLLENSKY OPERATING CORP., ALAN STILLMAN, JIM DUNN, ALAN M. MANDEL, DAVID P. TERRY, EUGENE ZURIFF, KEVIN DILLON, NEIL MURPHY, ROBERT SMITH, MAURIZIO CHIAVARO, JOHN LOPEZ, DENISE BRYANT and ANDREW REED,

            Defendants.

Case No. 04 CV 2993 (~~JSR~~)(RCC)

**CONFIDENTIALITY STIPULATION AND PROPOSED ORDER**

RECEIVED OCT 07 2004 CHAMBERS OF RICHARD CONWAY CASEY U.S.D.J.

**WHEREAS**, Plaintiffs Julio Anzures, Guadalupe Mendosa, David Jimenez, and Regulo Estevez, ("Plaintiffs") and Defendants Park Avenue Café, The Smith & Wollensky Restaurant Group, Inc., C T Corporation System; Smith & Wollensky Operating Corp., Alan Stillman, Jim Dunn, Alan M. Mandel, David P. Terry, Eugene Zuriff, Kevin Dillon, Neil Murphy, Robert Smith, Maurizio Chiavaro, John Lopez, Denise Bryant, and Andrew Reed ("Defendants") (collectively referred to as "the parties"), are presently engaged in discovery in connection with the above captioned matter; and

**WHEREAS**, some information sought by the parties or contained in documents sought by the parties is considered to be of a confidential and/or proprietary nature; and

**WHEREAS**, the purpose of this Confidentiality Stipulation and Proposed Order (referred to herein as the "Stipulation") is to permit the parties to discover such information and documents pursuant to procedures designed to protect the confidentiality of that material;

**IT IS HEREBY STIPULATED**, as follows:

1. "Confidential information" as used herein means any type or classification of information which is designated as "confidential" by any counsel for any of the parties, whether it be a document, information contained in a document, electronically memorialized information, photographs, information revealed during a deposition, information contained in an interrogatory answer, or any other form of information. "Counsel for the parties" means Littler Mendelson, P.C. and the Urban Justice Center.

   (a) The parties and their counsel shall designate as "confidential" only information that the designating party produces in discovery or introduces into evidence in this action.

   (b) Any party may object in writing to the Court to the designation of documents as "confidential" by any other party. The parties agree that the Court shall determine whether the document(s) being challenged will be classified as "confidential" and such determination shall bind the parties and their counsel, subject to any appeal in accordance with Federal Rule of Civil Procedure 72.

2. Information designated as "confidential" shall (a) be used by counsel to the parties only for the purpose of this litigation and not used for any other purposes whatsoever; and (b) shall not be disclosed, given, shown, discussed, or otherwise communicated or made available to anyone except as provided herein. Plaintiffs and their counsel further agree that any information gathered from any inspection of Defendants' premises and/or learned during any inspection of Defendants' premises shall (a) be used by counsel to the parties only for the purpose of this litigation and not used for any other purposes whatsoever; and (b) shall not be disclosed, given, shown, discussed, or otherwise communicated or made available to anyone

except as provided herein.

3. In accordance with the provisions of paragraph 4 below, confidential information may be disclosed only to "Qualified Persons" who shall read this Stipulation and who shall agree to maintain said information in confidence and not disclose, discuss, or reveal such information to anyone else.

(a) "Qualified Persons" means (i) attorney, legal assistant, secretary, clerk employed or law intern by, or a member of, Plaintiffs' counsel of record in this action who has been assigned to this litigation; (ii) any member of, or attorney, legal assistant, secretary, or clerk employed by, or a member of Defendants' counsel of record in this action who has been assigned to this litigation; (iii) any expert employed or retained by the parties or their attorneys solely for the purpose of assisting such attorneys in the preparation of this action for trial; (iv) any translator or interpreter employed or retained by the parties or their attorneys; (v) the parties (and any corporate successor or affiliate) to this action; (vi) any judge who may assume jurisdiction in this action and any attorney, legal assistant, secretary, clerk, deputy or intern employed in the Chambers of said Judge; and (vii) any court reporter. The foregoing definition of "Qualified Persons" is without prejudice to a redefinition of such term at an appropriate future time so as to include additional categories of persons. With respect to subsection (v), the term "party" means the plaintiffs, and any of the defendants' management employees with a need to know.

(b) Representatives, attorneys, employees or any other individuals employed or affiliated with either the Restaurant Opportunities Center ("ROC") or Hotel Employees and Restaurant Employees International Union ("HERE") are not "Qualified Persons" as that term is defined in section (a) of this paragraph. Plaintiffs and their counsel agree not to disclose any information or documents designated by Defendants as "confidential" to ROC or HERE.

(c) Plaintiffs and their counsel further agree not to place any confidential

information or to utilize any confidential documents produced by Defendants, on any leaflet or other informational bulletin.

    (d)  Plaintiffs and their counsel further agree not to place any information or to utilize any image obtained from any inspection of Defendants' premises, whether it be a document or obtained by photograph or video, on any leaflet or other informational bulletin, as these images are proprietary depictions of Defendants' business.

    4.  Any confidential information, whether oral or written, designated confidential may be disclosed only to Qualified Persons who, prior to such disclosure, have read this Stipulation and signed their individual names to a copy of Exhibit A attached hereto, except that (i) counsel for the parties may sign this Stipulation on behalf of the party they represent and those Qualified Persons who are members of or employed by their respective firms, and (ii) confidential information may be disclosed to those Qualified Persons described in paragraph 3(a) immediately upon the Court's formal endorsement of this Stipulation without further action on their part. By signing this Agreement or Exhibit A, each Qualified Person agrees that he or she, along with those on whose behalf he or she is acting, shall be bound by the terms of this Stipulation. All endorsed copies of Exhibit A shall be retained by the party's counsel that requested each Qualified Person's endorsement.

    5.  Each Qualified Person shall maintain all confidential information disclosed to him or her in confidence, shall not reveal the same to anyone other than another Qualified Person, and shall not use the confidential information except in connection with the preparation for trial (including, for example, any and all motions, discovery requests and depositions, as well as all papers submitted to the Court) or trial of this action; except that nothing shall prevent disclosure beyond the terms of this Stipulation prior to trial of information that is no longer classified as confidential because the designating party has consented in writing

4

to such reclassification or as the result of a determination by the Court

6. Prior to any disclosure of confidential information to a Qualified Person within the category described in paragraph 3(a)(iii), counsel for the receiving party shall notify counsel for the designating party, in writing, as to the identity of such Qualified Person, and promptly thereafter shall provide counsel for the designating party with a copy of Exhibit A as executed by such Qualified Person.

7. Any document containing confidential information that is filed with the Court and any pleadings, motions, or other papers filed with the Court that contain(s) or refer(s) to any confidential information shall be filed under seal and kept under seal until further order of the Court. Where possible, only confidential portions of such filings with the Court shall be filed under seal. To avoid the unnecessary filing of documents under seal, counsel for the parties may request waiver of the provisions of the paragraph, and such waiver will not unreasonably be withheld.

8. In the event that a party objects to the designation of certain information as confidential, counsel for the parties shall attempt to resolve such dispute in good faith on an informal basis. The party challenging the designation of a document as "confidential" or the information contained in a document designated as "confidential" and who would like to disclose such information and/or document to individuals other than "Qualified Persons," as that term is defined in paragraph 3(a), shall disclose to the designating party the bates numbered document and/or information the party would like to disclose, the person/entity, which shall include any disclosure to the public at large, if any, to whom the party would like to disclose the information/document and the purpose of the disclosure. If no resolution is reached, the objecting party may ask the Court to resolve the dispute. Pending resolution by the Court, the documents or information subject to the dispute shall be treated as confidential under the terms

of this Stipulation.

9.  Should the parties agree, without a determination by the Court, that documents and/or information designated as "confidential" may be disclosed to individuals or entities other than "Qualified Persons," prior to such disclosure, the parties agree that these additional individuals and entities must read this Stipulation and sign their individual names to a copy of Exhibit A attached hereto, and Plaintiffs agree to provide a copy of same to counsel for Defendants.

10.  The disclosure by one of the parties of a document or information to a Qualified Person without designating it as confidential information shall not constitute a waiver of that party's right to designate such document or information as confidential information and, if so designated, the document or information shall thereafter be treated as confidential information subject to all the terms of this Stipulation.

11.  Nothing in this Stipulation shall prejudice any party from seeking modification of this Stipulation.

12.  At the conclusion of this action, each party shall return to the other all documentary material embodying information designated by the other as confidential, including all copies of or excerpts from summaries of such documentary material that may have been made. Receipt of such documentary material shall be acknowledged by the recipient in writing.

13.  This Stipulation shall be binding on all Qualified Persons and all other persons having knowledge of its terms. It is enforceable by any sanction deemed appropriate by the Court.

14.  This Stipulation may be executed in several counterparts, each of which shall serve as an original as against any party who signed it, and all of which taken together shall constitute one and the same document.

15. The terms of this Stipulation shall survive and remain in full force and effect after the termination of this lawsuit.

Dated: New York, New York
      October ___, 2004

LITTLER MENDELSON, P.C.

By: _____
A. Michael Weber (AW 8760)
Christina L. Feege (CF 1474)
Attorneys for Defendants*
885 Third Avenue, 16th Floor
New York, New York 10022.4834
Tel: 212.583.9600

*Littler Mendelson, P.C., does not represents defendant, CT Corporation System.

Dated: New York, New York
      October ___, 2004

URBAN JUSTICE CENTER

By: _____
Haeyoung Yoon, Esq.
Attorneys for Plaintiffs
Urban Justice Center
666 Broadway, 10th Floor
New York, New York 10012

**SO ORDERED:**

Dated: October 7, 2004
_____
UNITED STATES JUDGE

## EXHIBIT "A"

## AGREEMENT CONCERNING CONFIDENTIAL INFORMATION

The undersigned hereby acknowledges that he or she has read the Confidentiality Stipulation and Order in the action entitled, *Julio Anzures, Guadalupe Mendosa, David Jimenez, and Regulo Estevez v. Park Avenue Café, The Smith & Wollensky Restaurant Group, Inc., C T Corporation System; Smith & Wollensky Operating Corp., Alan Stillman, Jim Dunn, Alan M. Mandel, David P. Terry, Eugene Zuriff, Kevin Dillon, Neil Murphy, Robert Smith, Maurizio Chiavaro, John Lopez, Denise Bryant, and Andrew Reed*, 04 CV 2993 (JSR), understands the terms thereof, and agrees to be bound by those terms as if a signatory thereto. The undersigned hereby consents to the jurisdiction of the United States District Court for the Southern District of New York, with respect to any controversy arising out of an alleged violation of the Stipulation and Order.

_____          _____
Date                                                                        Signature

                                                                            _____
                                                                            Name Printed

                                                                            _____
                                                                            _____
                                                                            Business Address
                                                                            (including Name of Employer, if any)

                                                                            _____
                                                                            _____
                                                                            Home Address

New_York:94888.1 024427.1007

8